IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| SHELDON MAYO, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 3:16-CV-0964-G |
| § | |
| PNC MORTGAGE, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order No. 3-251*, this case was automatically referred for pretrial management. Before the Court for recommendation is *Defendant PNC Bank, N.A.'s Motion to Dismiss*, filed April 15, 2016 (doc. 4). Based on the relevant filings and applicable law, the motion should be **GRANTED**.

**I. BACKGROUND**

This case involves the foreclosure of real property located at 1426 Stagecoach Way, Frisco, Texas 75034 (the Property). (doc. 1-2 at 2.)[1] On November 2, 2015, Sheldon Mayo (Plaintiff) filed this lawsuit against PNC Mortgage (Defendant) in County Court No. 3 of Dallas County, Texas. (*Id.*) On November 3, 2015, the state court issued a temporary restraining order to enjoin Defendant from executing a foreclosure sale of the Property. (*See* doc.1-3.) On April 7, 2016, Defendant removed this case to federal court on the basis of diversity jurisdiction. (*See* doc. 1.)

Plaintiff alleges that Defendant is attempting to foreclose upon the Property and that "Defendant has identified itself to Plaintiff as his mortgage servicer with authority to collect payments

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

1

on the debt associated" with the Property. (doc. 1-2 at 2.) He asserts that he sent Defendant a qualified written request (QWR) in accordance with the Real Estate Settlement Procedures Act (RESPA). (*Id*. at 4.) It asked for information regarding his account, specifically including the authority that Defendant has to demand payment on the home loan and the production of documentation supporting its authority. (*Id*. at 4-6.) He alleges that Defendant has "not postponed the foreclosure sale despite receipt of the Plaintiff's QWR" but does not allege that it failed to respond to the QWR. (*Id*. at 3.) His sole claim is under RESPA, and he asks for recovery of "all damages to which he is entitled" and to enjoin Defendant from foreclosing on the Property. (*Id*.)

On April 15, 2016, Defendant moved to dismiss Plaintiff's complaint pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted and, alternatively, pursuant to Rule 12(b)(5) for failure to effectuate service of process. (doc. 4.) Plaintiff failed to file a response, and the motion is now ripe for consideration.

## II.  RULE 12(b)(6) STANDARD

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the pleadings. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Although "detailed factual

allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 677 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678-79.

### III. RESPA VIOLATION

Defendant seeks to dismiss Plaintiff's claims because he fails to allege that his correspondence met the requirements of a QWR under RESPA and also fails to allege that he suffered any actual damages. (doc. 4-1 at 3-4.)

RESPA protects borrowers by requiring lenders of federally-related mortgage loans to fully and clearly disclose all settlement costs and prohibiting predatory practices in the lending and servicing of mortgage loans. *See* 12 U.S.C. §§ 2601(a), 2605–2608; *Val-Com Acquisitions Trust v. Chase Home Fin. LLC*, 3:10-CV-1214-K, 2011 WL 1938146 at *3 (N.D. Tex. May 19, 2011). Under RESPA, if a loan servicer receives a QWR from the borrower for information about the loan, the

3

servicer must acknowledge the receipt of the QWR within 5 days unless it takes other action requested by the borrower within that time frame. 12 U.S.C. §§ 2605(e)(1)–(2). A QWR is:

> A written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, . . . that includes, or otherwise enables the servicer to identify, the name and account of the borrower; and [that] . . . includes a statement of the reasons for the borrower's belief, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

*Id.* at § 2605(e)(1)(B). The QWR must relate to the "servicing" of the loan, which is defined as "receiving any scheduled periodic payments from a borrower" and "making the payments of principal and interest . . . received from the borrower as may be required pursuant to the terms of the loan." *Id.* at §§ 2605(i)(3), 2605(e)(1)(A). A plaintiff must allege actual damages resulting from a violation of § 2605. *Id.* at § 2605(f)(1)(A); *see also Caballero v. Wells Fargo Bank, N.A.*, No. 3:11-CV-1385-O, 2011 WL 6039953 at *2 (N.D. Tex. July 25, 2011).

Here, Plaintiff claims that he sent Defendant a letter requesting documents and confirmation that it has authority to collect payments under the loan. (doc. 1-2 at 4.) He does not allege, however, that the correspondence included information that enabled Defendant to identify the name and account of the borrower or that it included a statement of reasons for the belief that the account was in error. He also does not specifically allege the date that the QWR was sent to Defendant or the date that it was required to reply. *See* 12 U.S.C. § 2605(e)(1)(A) (requiring a home loan servicer to send acknowledgment of receipt of the QWR within 5 days). Nor has Plaintiff alleged any facts giving rise to a reasonable inference that he suffered actual damages from the alleged violation under RESPA. He has therefore failed to sufficiently state a claim for relief under § 2605(e) of RESPA. *See Akintunji v. Chase Home Fin., L.L.C.*, No. H-11-389, 2011 WL 2470709 at *2–3 (S.D. Tex. Jun. 20, 2011) (dismissing RESPA claim where plaintiff failed to allege actual damages); *Hill v. Wells*

*Fargo Bank*, NA, No. 4:11-CV-644-A, 2011 WL 5869730 at *3 (N.D. Tex. Nov. 17, 2011) (dismissing claim under § 2605(e) where plaintiffs failed to sufficiently allege that they sent a communication meeting the requirements of a qualified written request and failed to make any allegation from which the court could conclude that they suffered loss or damages as a result of defendant's failure, if any, to respond to any written requests from plaintiffs). Accordingly, Plaintiff's claims under RESPA should be dismissed for failure to state a claim upon which relief can be granted.[2]

## IV. OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, "district courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *In re Am. Airlines, Inc., Privacy Litig.*, 370 F. Supp. 2d 552, 567–68 (N.D. Tex. 2005) (Fitzwater, C.J.)(citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)). Courts may appropriately dismiss an action with prejudice without giving an opportunity to amend, however, when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically noted the failure to respond, and the plaintiff has had ample opportunity to amend the complaint. *See Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995) (noting passage of 327 days). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiff has not amended his complaint since filing this action. He did not respond to

---

[2] Because Plaintiff's complaint is subject to dismissal under Rule 12(b)(6), Defendant's alternative argument under Rule 12(b)(5) for failure to effectuate service need not be considered.

the motion to dismiss despite being specifically invited to do so by court order, and he has had ample opportunity to amend his complaint since this case was filed. An opportunity to amend is therefore unwarranted.

## V. RECOMMENDATION

Defendant's motion to dismiss should be **GRANTED**, and Plaintiff's claims against it should be **DISMISSED with prejudice** for failure to state a claim.

**SO RECOMMENDED on this 28th day of October, 2016.**

```
_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE
```

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

```
_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE
```